HAWLEY and others *vs.* BENNETT.

An injunction is not dissolved, neither does it become inoperative, by the abatement of the suit in which it is issued.

If the suit abates by the death of the complainant or defendant, the party against whom the injunction issued, or his representatives, may have an order requiring the complainant, or his representatives, to revive the suit within a limited time, or that the injunction be dissolved.

Where a suit abates by the death of the complainant, those who succeed to his rights may apply to the court to punish a breach of an injunction, committed either before or after his death, as soon as they have filed a bill of revivor, or taken any other steps to revive the suit; and without waiting until a decree of revivor is actually obtained.

It is no answer to a proceeding as for a contempt, for the breach of an injunction, so far as the rights of the adverse party are concerned, that the breach was committed under the advice of counsel.

No person can apply to the court to punish a party for a breach of an injunction, in the nature of a civil remedy, unless he has some interest in the subject matter of the injunction, or has a right to prosecute for the breach thereof; except in the case of infants, lunatics, &c.

UPON affidavits, entitled in the above cause, showing that July 16. the defendant, Abel T. Bennett, had been guilty of a breach of an injunction issued in a suit in which William James was complainant and the said Bennett was defendant, the complainants obtained an order that the defendant show cause why an attachment should not issue against him; and that a copy of the order, and of the affidavits on which the same was founded, should be served on the defendant eight days previous to the day of showing cause.

*J. Rhoades,* for the defendant, now showed cause, and insisted, preliminarily, that the order was improperly granted, and ought not to be made absolute, because it did not appear from the affidavits, or other papers on which it was granted, that the complainants in this suit, by whom the order was obtained, had any interest in or connection with the suit in which the injuction issued, so as to authorize them to become the relators in a proceeding against the defendant for a breach of the injunction.

1833.

Hawley
v.
Bennett.

*James King*, for the complainants, insisted that the entitling of the affidavits was sufficient to show that W. James, the original complainant, was dead, and that the suit had been revived by the complainants, as trustees under his will.

The decision of the preliminary objection being reserved, the defendant's counsel read an affidavit, showing that the alleged breach of the injunction had taken place after the abatement of the suit by the death of the original complainant, and before any proceedings were had to revive it in behalf of the present complainants ; and that the suit had not yet been revived, although a bill of revivor had been filed, and a subpœna served on the defendant. His counsel thereupon insisted that the injunction was not in force during the abatement of the suit, and that the defendant could not be guilty of a violation of it by any act done by him during that period. And the defendant swore he had been so advised by counsel.

THE CHANCELLOR.   An injunction is not dissolved, neither does it become inoperative, by the abatement of the suit in which it issued.   But the rule is, that if the suit abates by the death of either the complainant or the defendant, the party against whom the injunction issued, or his representatives, may have an order requiring the complainant, or his representatives, to revive within a stated time, or that the injunction be dissolved.   (*Duke of Chandos* v. *Talbot, Sel. Cas. in Chanc.* 24.   *Hill* v. *Hoare*, 2 *Cox's Cas.* 50.)   Where a suit abates by the death of the complainant, those who succeed to his rights may apply to the court to punish a breach of an injunction, which has taken place either before or after his death, as soon as they have taken the preliminary steps to revive the suit, either by filing a bill of revivor, or otherwise.   And it is not necessary for them to wait until a decree of revivor is actually obtained.

So far as the rights of a party have been affected by the breach of an injunction, it is no defence to the person who has been guilty of violating the same, that he did it under the advice of counsel ; although, if he has acted in good faith, it may be sufficient to protect him from punishment as for a criminal contempt.   The rights of parties must be protected against

the wrongful acts of the adverse party, although he may have acted under the advice of counsel. And his remedy, if any, must be against his counsel, who have misled him by their improper advice.

It is evident, from the affidavits in this case, that the defendant has been guilty of a breach of the injunction, to the injury of the adverse party. The revised statutes, however, have made a distinction between criminal contempts, and proceedings as for contempts to protect the rights and remedies of parties. And where a person applies to the court to punish a party for a breach of an injunction, in the nature of a civil remedy, he must show that he has some interest in the subject matter of the injunction, or that he has a right to prosecute for the breach thereof; except in the case of infants, lunatics, &c. who are unable to protect their own rights. The preliminary objection in this case therefore is well taken ; that it does not appear from any of the papers upon which this order was founded, or which have been served on the adverse party, that the persons who obtained that order have any interest in the subject matter of the suit in which the injunction issued, or have any authority to prosecute for a breach thereof. They should, either by petition or affidavit, have showed that W. James was dead, and that they had succeeded to his rights in relation to the subject matter of the suit, and had taken the preliminary steps to revive the suit. The order to show cause must therefore be discharged ; but without costs, and without prejudice to the right of the complainants to renew their application upon proper papers, showing their right to prosecute for the alleged breach of the injunction, as well as the breach itself.