THE PEOPLE, ex rel. Hawley, *vs.* BENNETT.

A party who is committed as for a contempt for the non-payment of costs or other sum of money, is entitled to the gaol liberties; and unless the commitment is for costs only, he may be discharged from imprisonment under the statute, upon presenting a petition and making an assignment of his property.

But where a party is committed for the non-payment of a fine imposed upon him by the court, for the breach of an injunction, or other contempt, he must be confined by the sheriff within the walls of the prison.

If the process of commitment does not show that the defendant was convicted of a contempt, and that the sum he was ordered to pay was a fine imposed upon him on such conviction, the sheriff cannot be punished for allowing him the benefit of the gaol liberties.

December 17. THE defendant in this cause was adjudged guilty of a contempt, for a breach of an injunction. And he was fined $130,-54 as an indemnity to the relators, and to satisfy their costs and expenses, in conformity to the statute. A part of the fine was directed to be paid into court, or to be secured to the satisfaction of the register, and the residue to be paid to the solicitor for the relators; and the defendant was directed to be committed to the common gaol of the county of Onondaga, until the fine was paid, or paid and secured, as directed in the order. Upon the petition of the relators, and on an affi-

davit showing that the sheriff had not imprisoned the defendant as directed in the order, but had permitted him to go at large upon the gaol liberties, a rule was obtained requiring the sheriff to show cause why an attachment should not issue against him for having disobeyed the command in the writ of commitment. Upon the day assigned for showing cause, the sheriff produced affidavits from which it appeared that, by the writ of commitment, he was commanded to take the defendant and commit him to the common gaol, and to detain him there until he should pay $24 to the register, or give security therefor, and pay the sum of $106,54 to J. K., the solicitor for the relators, for his costs upon an attachment issued against the defendant; that the defendant offered bail for the limits; and that upon consulting with counsel, the gaoler was advised that the defendant was entitled to the gaol liberties; and that the sheriff, believing he would be subjected to an action if he refused the defendant the gaol liberties, took bail from him accordingly.

*J. King*, for the relators.

*S. Sherwood*, for the sheriff.

THE CHANCELLOR. Where a rule or order of this court has been made requiring a party to pay the costs of any proceedings, or other sum of money, and he is committed, for not paying the same, in conformity with the fourth section of that title of the revised statutes which relates to proceedings as for contempts to enforce civil remedies and to protect the rights of parties in civil actions, (2 *R. S.* 535,) he is in execution in a civil action, or on attachment for not paying the sum directed to be paid. In such a case, he is entitled to the gaol liberties; and unless such commitment is for the non-payment of costs only, he may be discharged under the statute, (2 *R. S.* 31,) upon presenting a petition and making an assignment of his property. (1 *Caines' Rep.* 452. 3 *Paige*, 38. 2 *R. S.* 433, § 40.) But the provisions of the revised statutes relative to the gaol liberties, and to the discharge of a party imprisoned on execu-

tion in civil causes, upon making an assignment of his property, do not extend to the case of a party who is committed for the non-payment of a fine, imposed upon him as a punishment for a contempt of the court. The defendant in this case was convicted of a contempt, and was fined therefor to the extent of the injury which the relators had sustained; and he was ordered to be imprisoned thereon as directed by the statute. (2 *R. S.* 538, § 20, 21, 25.) By the seventh section of the title of the revised statutes in relation to county prisons, the keepers of such prisons are to receive and safely keep every person duly sentenced to imprisonment in such prisons upon conviction for any contempt or misconduct, or for any criminal offence; and are not, without lawful authority, to let out of prison, on bail or otherwise, any such person. The next succeeding section also clearly shows that it was the intention of the legislature that persons who were imprisoned on convictions for contempts, should be actually confined within the walls of the prison. It would indeed have been desirable that the legislature should have fixed some limit to the time that a party was to be incarcerated for the non-payment of a fine, or have authorized the court to discharge him upon terms, or in its discretion, after a limited imprisonment sufcient to satisfy public justice; where the party injured by the conduct complained of could not be fully indemnified, in consequence of the utter inability of the party convicted of the contempt to pay such fine. As the law stands, however, I know of no remedy for the party imprisoned, unless it be by a resort to the general pardoning power, if that power extends to such a case.

In the present case, although the relators had a right to commit the defendant to the walls of the prison, the sheriff has not been in fault; because the process of commitment did not show that the defendant had been actually convicted and fined for a contempt, and that he was committed for the non-payment of such fine. As the process did not recite that part of the order of the court which adjudged the defendant guilty of a contempt, and imposed a fine upon such conviction for the indemnity of the relators, the sheriff had a right to presume, from the general direction in the process, to imprison

the defendant until he paid a sum of money to the register, and another sum to the solicitor for his costs, that it was a commitment under the fourth section of the statute, upon which the defendant would be entitled to the gaol liberties.

The order to show cause must therefore be discharged, with costs.