## BUFFUM'S CASE.

A decree in equity, requiring a defendant to execute a conveyance of land, may be enforced by an attachment for a contempt, if the defendant, after having been served with a writ of execution of the decree, refuse to execute a deed drawn and tendered for that purpose.

It is not a sufficient excuse for a party who refuses to perform a decree in equity, that he acted under the advice of counsel.

An attachment for a contempt, arising out of a refusal to perform a decree in equity, is not a criminal proceeding to punish the disobedience by a fine to the use of the county; but is a remedial process, for the benefit of the party obtaining the decree.

ATTACHMENT for a contempt. Upon a bill in equity, filed against the respondent, alleging a conveyance to him of a certain farm, and a bond to re-convey on the payment of a sum of money, and praying a specific performance, a decree was entered, July term, 1841, requiring him to execute a deed re-conveying the premises. *See* 11 *N. H. Rep.* 451, *Buffum* vs. *Buffum.*

A copy of the decree was served upon the respondent, August 10, 1841, and a writ of execution of the decree, August 14th; and on the same day a deed, prepared for the purpose, was tendered to him for his signature, and he was requested to execute the same, which he refused to do.

In a conversation, subsequently, with the attorney of the plaintiff, he denied that such a decree had been made, and

Buffum's Case.

stated that he should execute no deed until compelled, and that no law would compel him to do it.

Upon a complaint, and evidence of these facts, he was arrested upon the warrant of the chief justice, issued in vacation, under the rules of the court, to compel his appearance at this term.

He now put in an answer to the complaint, denying any intention to disobey the decree, or commit any contempt, and denying that a deed had been prepared and presented to him for execution.

He alleged that he had acted in the matter according to the instructions of his counsel ; that it had been his intention to move for a re-hearing of the case ; that he had employed counsel to draw a petition therefor, and was assured that the court would grant a re-hearing for the cause stated ; and that, from what was then said, he supposed that such a petition, when made, would suspend all proceedings until a final decision should be had.

And he professed his readiness to execute the order and decree of the court, heretofore made, suggesting that he still intended to prefer a petition for a re-hearing of the case, and understood that a reversal of the decree would operate to vacate the deed.

The respondent offered no testimony.

*Handerson,* for the complainant, cited 1 *Harrison's Ch. Pr.* 272 ; *Newland's Pr.* 389.

*Hubbard,* for the respondent.

PARKER, C. J.   The decree in this case may be regarded as establishing an equitable title in the plaintiff, George Buffum, so that without the execution of any deed by Esek Buffum, the defendant, in pursuance of it, the court would put the plaintiff in possession by a writ of assistance, if necessary, and protect his possession by an injunction against

any one who should attempt to disturb it under the defendant's claim of title. 1 *Smith's Ch. Practice* 428; 2 *Hoffman's Ch. Pr.* 95; 4 *John. Ch. R.* 609, *Kershaw* vs. *Thompson.*

In New-Jersey, by statute provision, a decree for the execution of a conveyance is deemed equivalent at law, and in equity, to the conveyance itself. 2 *Hoffman's Ch. Pr.* 95.

But a party who has obtained a decree for a conveyance, is not bound to rely upon the evidence of an equitable title furnished by the decree. He has a right to have the decree enforced by the process of the court, if the adverse party refuse to obey it. 1 *Smith's Ch. Pr.* 428. The court has the power to issue all process necessary to carry its decrees into effectual execution. *Hopkins' Ch. Rep.* 231, *Ludlow* vs. *Lansing* ; 4 *Johns. Ch. Rep.* 613.

In England, by a late statute, the court may appoint one of the masters to execute a deed, when the party is in prison, on process for his contempt.

In the present case, the plaintiff in the suit has done all that can be required of him, and perhaps something more. It appears that, in the first place, he caused a copy of the decree to be served upon the defendant. This seems to have been unnecessary. It is not sufficient to authorize an attachment. 1 *Smith's Ch. Pr.* 429. He next served the defendant with a writ of execution of the decree, so called, which was the regular course. This not only furnished the defendant with a copy of the decree, duly certified, but contained the command of the court that he should immediately, and effectually, fulfil and execute all the matters and things contained in it, and remaining to be performed by him. And the evidence shows that the plaintiff caused a deed to be prepared, and tendered to the defendant for execution, which the latter refused to execute.

The excuse of the defendant, that he intended to petition for a re-hearing, is not sufficient. If he desired, for that reason, to be exempted from the performance of the decree

until such an application could be made and determined, he should have applied to the court for an order.

But the execution of the deed, in pursuance of the decree, will not conclude him upon this point ; for the court possesses sufficient power to vacate his deed, and restore the property, should the decree be set aside upon a rehearing.

Nor can his allegation that he acted under the advice of counsel, if such be the fact, (of which there is no evidence,) avail to excuse him from performing the decree of the court. 4 *Paige's Ch. R.* 163, *Hawley* vs. *Burnett.*

The remaining question is, what further order shall be taken upon this process for the contempt ?

An attachment against the party, for a contempt of this character, seems not to be regarded as a criminal proceeding to punish the disobedience, but as a remedial process for the benefit of the party obtaining the decree. 4 *Paige* 163.

In New-York, by a statute provision, the party in contempt may be fined. But the fine seems intended as an indemnity to the other party for costs and expenses, and not for the benefit of the county. 2 *Paige's Ch. R.* 330, *The People* vs. *Spaulding ;* 4 *Paige* 284, *The People* vs. *Burnett.*

We have here no statute of that character, and the plaintiff in the suit can be no farther indemnified for the delay and expense, than the costs which he recovers in this proceeding may operate as an indemnity.

The defendant may be discharged upon the execution of the deed and the payment of the costs.