Totten, J.,
delivered the opinion of the court.
The case is an action for a forcible entry and detainer, and after a trial before the justices, it was taken to the circuit court of Greene, where, at June term, 1851, on atrial de no-vo, judgment was rendered for Fowler, the plaintiff in the suit, and Farnsworth, one of the defendants, has appealed, in error, to this court.
It appears, that on the 7th June, 1847, in a former suit instituted by Farnsworth against Fowler, for an unlawful de- *3 tainer, there was judgment for Farnsworth, awarding to him a writ of possession for the same premises, the farm and one hundred and fifty acres of land. Farnsworth’s claim was in fact a mortgage, in the form of an absolute deed, made for the security of money loaned.
On the 26th of June, 1847, Fowler filed his bill in chancery at Greenville, and, upon the grounds of equity assumed therein, prayed for an injunction, which was granted and issued on the same day, enjoining the said Farnsworth, the defendant therein, from taking possession of said premises in any manner, or causing a writ of possession, on his said judg-ement, to issue for the same. s
Two days thereafter, that is, on the 28th June, 1847, Farns-worth caused the writ of possession to issue, and placed it in the hands of an officer to be executed, who, on the same day, went upon the premises with Farnsworth and others and was proceeding to execute the writ, when the sheriff arrived with the injunction and served it on the parties. The officer had removed Fowler’s family and effects from the dwelling house into the yard or inclosure at the house, and was in the act of removing them and said effects off the premises, when any further action was arrested by the service of the injunction. He states that he had placed Farnsworth in possession of the house, and Fowler’s wife and children and his effects were remaining in the yard, when the injunction was served; and that nothing further was done in the execution of the writ of possession. Fowler then endeavored to resume the possession of the house, when he was violently and forcibly resisted, beaten and driven away by Farnsworth and others who were there and acting with him. He went with his family to an out-house, a barn, on the premises, where he remained for some three months; Farnsworth retaining possession of the house..
There is strong reason to believe that Farnsworth knew *4 that the injunction had been ordered, and perhaps issued, before he proceeded with his writ to take possession of the premises. On the 28th June, about sun rise, he applied for the writ, and forthwith proceeded to the officer to execute it and to be put in possession. When they arrived at Fowler’s he informed them that he “had taken the case to court,” which Farnsworth must [have understood to refer to the suit in chancery, as no other proceeding had been instituted. We think it may fairly be inferred, from the facts and circumstances in the case, that he was running a race against the sheriff to execute the writ of possession before the service of the injunction.
Now, upon this state of facts, Fowler brings the present action to recover possession of the house which was retained, as before stated, by Farnsworth and his tenants.
1. In considering the questions made in argument, we en-quire, first: Was the writ of possession executed before the service of the injunction?
Now as to what is a legal and valid execution of a writ of habere facias possessionem, we may observe, that it is the duty of the officer to deliver the full and actual possession of the premises recovered. And it is said that the process is not understood to be executed, nor the execution complete, until the officer is gone and the plaintiff left in quiet possession. 2 Tidd’s Pr. 1247. If the tenant do not peaceably and quietly yield the possession to the plaintiff and consent thereto, it is the duty of the officer to remove him entirely off the premises, and it cannot be said that he has executed the writ until he has done so. In fact it is the surest and best way, so to remove the tenant that the plaintiff may have the exclusive and quiet possession to which he is entitled in virtue of his recovery. 2 Tidd’s Pr. 1246.
Now in the present case, the possession was not yielded but was contested and resisted, and yet the tenants remained *5 on the premises when the action of the officer was arrested by service of the injunction. Nor had the officer given possession of the entire premises recovered, but only of the house, which was a part thereof. In this respect, therefore, the writ was only in part executed. And when he had gone, he left the tenants and the plaintiff on the 'premises contesting the right of possession, and neither party yielding, it resulted in strife and violence, which it is an important object of the writ to prevent or suppress.
We are of opinion, therefore, that the writ of possession was not executed before the service of the injunction, or in other words, that, in a legal and proper sense, it was not executed at all.
2. At what time was the defendant affected by the prohibitions contained in the injunction?
It is true that, regularly, the injunction should be actually served upon the party, as the most sure and certain way of notifying him of its contents. But if the defendant be otherwise informed of the issuance of the injunction, he will be bound thereby, as if it had been actually served, and will be committed for the breach of it. So also, if he is informed that an injunction has been granted, and there has been no unnecessary delay in causing it to be issued, the defendant will be committed for the breach of it, “because it would be a contempt to act contrary to such an order, when he knew the order was made.” 3 Dan. Ch. Pr. 1908. Kempton vs. Eve, 2 V. & B. 349. Osborn vs. Tenant, 14 Ves. 136. James vs. Downs, 18 Ves. 322. Eden on Inj. 194. Now in the present case, if the defendant were informed, as we Believe he was, of the issuance of the injunction, or the order granting it, he was as fully under its prohibitions as if it had been actually served upon him.
A different rule would enable an unscrupulous person to elude the justice of the court, in many cases, by doing the *6 very thing enjoined or intended to be enjoined, in anticipation of the service of the writ. As in case of an injunction against committing waste, “the party in the interval might lay the axe to the trees,” and so as to many other matters the writ might be evaded and become wholly ineffectual.
3. As to the effect of the writ, we may observe, that it is directed to the defendant, and its action is upon him in personam, and it renders it unlawful in him, to do the thing therein prohibited, or to fail or omit to do the thingjherein commanded. The act being unlawful, it is to be deemed ineffectual and unavailable, as to the purpose intended, as though it had not been done: or, if that may not be, on account of the intervention of the rights of innocent persons, who had no knowledge or information of the injunction, the defendant is liable to make indemnity for his unlawful act to the party injured.
Thus, in Stinson vs. McMurray, 6 Humph. R. 340, which was an action against an officer for selling property under an execution which had been enjoined; the court say the injunction took from the constable all right to proceed with the execution, and it follows, that his subsequent sale, in disregard thereof, was illegal.
Unquestionably an innocent purchaser having no notice of the injunction, and having advanced his money on the sale, would hold a good and valid title. Lansing vs. Easton, 7 Paige 364. Hawly vs. Barnett, 4 Paige 163. 3 Dan. Ch. Pr. 1911.
Now, in the present case, the defendant being enjoined, it was unlawful in him to issue the writ of possession, or in any manner to take or retain possession of the premises in question. His possession was, therefore, unlawful and to the prejudice of the plaintiff, who was entitled to remain in possession-under the protection of the injunction.
And although it is manifest that the court of chancery had *7 the power to give relief, yet there can be no question, but that a court of law could likewise relieve in such case. The defendant’s possession being unlawful and forcible, and the plaintiff being clearly entitled thereto, the present action is an appropriate remedy for the injury, and to have restitution of the premises.
We do not deem it material to notice any other question made in the argument: and as there is no error in the record, the judgment will be affirmed.
Judgment affirmed.