STEPHEN SHANNON'S CASE.

A person imprisoned upon an execution issued to enforce a decree of alimony comes within the act for the relief of poor debtors, and may lawfully be discharged from arrest, upon giving bond as provided in the act relating to imprisonment and prison bonds.

Therefore the jailor is not liable to attachment for releasing from imprisonment such debtor, upon his giving the required bond.

THIS is a motion for an attachment at the instance of Mary S. Morrison, and the facts sufficiently appear in the opinion of the court.

*Barnard & Sanborn* for the motion.

*Pike & Blodget* for respondent.

BELLOWS, J. This is a motion for a rule to show cause why an attachment for contempt against Stephen Shannon, the jailor of Belknap county, should not be granted. The motion is upon the ground that Thomas Morrison having been committed to jail upon an execution for alimony in favor of Mary S. Morrison was discharged from custody by said Shannon, upon giving a bond to take the poor debtor's oath in one year, or surrender himself at the expiration of the year at said jail. The execution sets out a judgment for five hundred dollars alimony, as appears by record.

The question discussed by the counsel is whether this prisoner was rightfully discharged upon giving such a bond, and that is supposed to depend upon the further question whether this case comes within the provisions of the statute for the relief of poor debtors.

By the Revised Statutes, ch. 200, any person arrested or committed to jail on any execution, or who has given bond as provided by law, may apply to be admitted to take the poor debtor's oath, and upon taking it, shall be thereafter forever discharged from arrest or imprisonment on the debt or demand on which he was arrested or imprisoned.

The General Statutes, ch. 222, make substantially the same provisions, with the unimportant difference of omitting the word "any" in the first section before the word "execution," so that it now reads " any person arrested or committed to jail on execution, (instead of "*any* execution,") &c., may apply."

The General Statutes were in force when the execution in this case was issued, although not when the libel was filed, but as the old and new law are substantially alike, it is unnecessary to inquire which is to govern.

The inquiry then is whether these provisions embrace the case of an arrest upon an execution for alimony. It is obvious that these provisions or terms are broad enough to embrace executions of this character, extending as they do to any person arrested on execution, or as in the Revised Statutes on *any* execution ; and the question is whether there is any thing in the nature or character of the decree of alimony, or the process by which the decree is to be enforced, that affords just grounds for an inference that these provisions were not intended to apply.

In the first place it is proper to observe that the statute is in favor of the liberty of the subject, and by a well settled rule of interpretation, should have a liberal construction. *Rex* v. *Stokes*, Cowp. 138 ; and this is apparent from the decisions under the statute of 32 Geo. 2, ch. 281, commonly called the Lords' act, from the fact that it originated in the House of Lords. By that act " any person charged in execution for any sum not exceeding £100 may be discharged on disclosure of all

his property, and taking the prescribed oath.   3 Burns Justice 69. Under this statute the respondent was sentenced to imprisonment for an assault and battery, and to pay costs, and had suffered the imprisonment, but was attached for non-payment of the costs; it was held in *Rex* v. *Stokes*, Cowp. 138, before cited, that the contempt in not paying the costs had no relation to the offence and that respondent ought to be discharged; and that the attachment was an execution.

So in *King* v. *Pickerill*, 4 T. R. 809, it was held that a defendant in execution for the contempt and for the costs on a *quo warranto* information might be discharged under the Lords' act; that the fine to the king was merely nominal, and the execution for costs was regarded as an execution in a civil suit.

In *Rex* v. *Davis*, 1 B. & P. 336, it was held that an attorney attached for not paying over money received by him as attorney, may be discharged under the Lords' act; holding that an attachment for non-payment of money is an execution.

So where a party was attached for not performing an award, a discharge in bankruptcy was held to relieve him from arrest. *Baker's Case*, 2 Str. 1152.   In *Wheldale* v. *Wheldale*, 16 Ves. 376, where defendant was in equity charged with a sum of money for which an execution was issued, and afterwards he was charged with an attachment for breach of the execution, and he subsequently took the benefit of the insolvent act of 49 Geo. 3, c. 115, it was held that he was thereby discharged from arrest and imprisonment. See also 3 Blk. Com. 416, n. 5.

So in New York, under a statute providing that "every person who shall be imprisoned by virtue of one or more executions in civil causes, may petition the court from whence such process issued for his discharge from said imprisonment," it was held in *Van Wezel* v. *Van Wezel*, 3 Paige Ch. Rep. 38, that a person, committed by several precepts from a court of chancery for contempts in not paying moneys ordered to be paid for temporary alimony to his wife, may apply for such discharge.

By a Vermont statute it was provided that any poor person imprisoned in jail by virtue of an execution issued by any court on a judgment rendered in any civil action, except in actions of tort, &c., may be discharged upon taking the poor debtor's oath; and under this provision it was decided in *Cannon & Warren* v. *Norton et al.* 16 Vt. 335, that a person committed upon an execution from the court of chancery for a sum of money adjudged to be due, might be discharged.

In *Dyer* v. *Hunnewell*, 12 Mass. 271, it was held that a provision, entitling any person committed by force of any execution issuing from any court, &c., on a judgment recovered by any person, to be discharged on taking the prescribed oath, applies to the case of a person imprisoned on executions for penalties incurred for not warning soldiers to appear at a military parade, and not appearing himself.

An attachment for contempt in neglecting or refusing to pay a sum of money awarded to be paid to a party is regarded not as criminal process, but as a remedial proceeding for the benefit of such party, and substantially in the nature of an execution to enforce payment. But for a mere contempt, as for the violation of an injunction where a

fine is imposed by way of punishment, it is otherwise.  *Van Wezel* v. *Van Wezel*, 3 Paige Ch. Rep. 38 ; *People* v. *Burnett*, 4 Paige Ch. Rep. 282 ; *Rex* v. *Stokes*, Cowp. 138 ; *Rex* v. *Myers*, 1 T. R. 266 ; *Bonafores* v. *Shooles*, 4 T. R. 316 ; *Rex v. Pickerill*, 4 T. R. 809 ; *Buffum's Case*, 13 N. H. 14 ; *Marcy* v. *Jordan*, 2 Denio 170.

In the case before us there was no proceeding for contempt, but simply an execution issued to enforce the payment of a sum of money awarded to the wife as alimony.    That decree stands like any decree in equity, or judgment at law, to be enforced by appropriate process.

There might be cases where the court would make use of process more stringent than an execution, to enforce a compliance with its order ; and even resort to imprisonment as punishment for contumaciously refusing such compliance when it was clearly within the party's power to comply.

But this is no such case.    The court has simply awarded an execution to enforce payment of its decree, and it is fairly to be assumed that it was to be of the nature, and subject to the incidents, of an ordinary execution issued to enforce other decrees and judgments.

In a case in New York, an attorney having commenced an action without being retained for the purpose, and having failed in it, the court made a rule upon him to pay the costs ; but not being paid, an attachment was moved against him, and that he be denied the jail liberties until the costs were paid ; but this was denied, the court saying that the attachment must take its course, and that they cannot control its effect ; although it was ordered that the attorney's name should be stricken from the roll unless the costs were paid by a time limited.    *Anon.*, 2 Cow. 589.

By the statute regulating divorces in New Hampshire, the courts are empowered to grant alimony ; and, before or after the decree, " may make such orders and use such process as may be necessary ;" but having ordered the issue of a process in common use in other cases, it is to be assumed that it is to have the ordinary character and effect.    As the law, then, in relation to the discharge of poor debtors from arrest and imprisonment, is in its terms broad enough to embrace this case, and as there is nothing in the nature of this proceeding, or in the language of the act, to indicate an intention that it should not apply, we cannot hold that the officer has done wrong in discharging the debtor from arrest upon his giving the bond described.

In *Whittier* v. *Whittier*, 31 N. H. 459, it is said by Bell, J., that an order to pay a sum of money as alimony creates a right like ordinary judgments for debt or damages ; and in *Sheafe* v. *Leighton*, 36 N. H. 240, where the husband had been arrested upon an execution for alimony and had given bond as in this case, but had failed to take the poor debtor's oath or deliver himself up in time, the wife was allowed to recover in a suit upon the bond, without any controversy upon the point whether the case came within the law authorizing a discharge from arrest on giving such bond.

As the point we are considering was not discussed in that case, it cannot of course be regarded as a decisive authority ; but it will be per-

ceived that it was assumed that the bond was given conformably to the statute, and this affords some indication of the practical construction given to the law.

Upon these views we are brought to the conclusion that an execution of the character of the one in question here is within the provisions of the act for the relief of poor debtors, and therefore the motion must be denied.