## ROSE VS. TYRRELL.

*Practice in* Habeas Corpus. — *Who entitled to jail liberties.*

1. One imprisoned by order of the court, as for a contempt, is not entitled to the "jail liberties," under ch. 483, Laws of 1864.
2. Where one petitions for a discharge on *habeas corpus,* merely on the ground that the sheriff has refused to admit him to jail liberties, the validity of the commitment is not before the court.

APPEAL from the Circuit Court for *Grant* County.

*Tyrrell* was committed to the county jail by the county judge of said county, for contempt in refusing to answer certain questions put to him in proceedings supplementary to judgment and execution. He afterward applied to a court commissioner for a writ of *habeas corpus,* in order that he might be admitted to the liberties of said jail and freed from close custody therein, alleging that he had duly applied to the sheriff therefor in accordance with the provisions of ch. 483, Laws of 1864, and had been refused, and that his imprisonment was illegal for that reason. The warrant of commitment, which was attached to the petition, states the questions which he had refused to answer. The commissioner made an order admitting him to the jail liberties, and this order was affirmed by the circuit court on a writ of *certiorari* sued out by *Sarah S. Rose,* the judgment creditor. From the judgment of the circuit court *Mrs. Rose* appealed.

*Bushnell & Clark,* for appellant.

*J. Allen Barber,* for respondent. [No brief on file.]

COLE, J. The counsel for the respondent insisted with great earnestness, upon the argument, that the county judge had no authority to commit the respondent as for a contempt in refusing to answer the questions put to him in the examination on the supplemental proceedings. But that question is not now before us. The

respondent, in his petition for the writ of *habeas corpus*, did not allege or claim that his imprisonment was illegal upon that ground. But he did state and claim that his imprisonment was illegal in this, "that he hath, pursuant to chapter 483 of the laws of 1864, applied to the sheriff aforesaid to be admitted to the liberties of the jail, and freed from close custody in said jail, and hath tendered to said sheriff a good and sufficient bond, with two sureties to said bond, who have justified as to their sufficiency, and said sheriff hath refused to admit this petitioner to the liberties of said jail, in violation of the rights of this petitioner."

Thus it will be seen that the respondent does not even question the authority of the county judge to commit him under the circumstances, but only claims that he is entitled to jail liberties under the law of 1864. Had he wished to raise the point that the questions put to him on the examination in the supplemental proceedings were improper, and that the county judge had no authority to commit him for contempt in refusing to answer them, he should have laid some foundation for the objection in his application for the writ. Section 5, chap. 158, R. S. As the case now stands, we can only consider whether he is entitled to jail liberties under the law of 1864. And upon that point we are entirely clear that he was not. The third section of chapter 483 reads as follows: "Every person who shall be in the custody of the sheriff of any county, by virtue, 1st, of any *capias ad respondendum*, or any order of arrest, in a civil action; or, 2d, of any execution on a civil action; or, 3d, by virtue of any attachment for the non-payment of costs in a civil action; or, 4th, in consequence of a surrender on exoneration of his bail — shall be entitled to be admitted to the liberties of the jail hereby established, upon executing a bond to such sheriff and his assigns, as prescribed in the next section."

Now is it not perfectly plain that the cause of the

commitment of the respondent is not embraced in either subdivision of this section? He was, in fact, committed and adjudged to be in contempt for contumaciously refusing to answer certain questions put to him on the examination before the county judge, under sections 88 and 89, ch. 134, R. S. The case is not within either the spirit or letter of the law of 1864. It is suggested that the circuit court thought that the chief justice, in deciding the case *In re Gill*, 20 Wis. 686, put upon the 3d section of the act of 1864 a construction so broad as to include this case. But this is an unwarranted inference from that decision. In that case Gill was held in custody by virtue of a precept issued under section 4, ch. 149, R. S., for disobeying an order requiring him to pay suit money and temporary alimony. And the chief justice, following the decisions of Chancellor WALWORTH in *The People v. Bennett*, 4 Paige, 282, and *Patrick v. Warner*, id. 397, held that the precept for commitment was in the nature of a civil execution, and that therefore Gill was entitled to the privilege of jail liberties. But that case is clearly distinguishable from the one before us. Here the respondent was not committed upon any such ground.

The judgment, therefore, of the circuit court must be reversed, and the cause remanded with directions to reverse the order or decision of the court commissioner admitting the respondent to the liberties of the jail.

*By the Court.*— So ordered.