In the Matter of the Petition of FRANCES C. CLARK.

*One committed for contempt in not paying alimony is not entitled to jail liberties.*

Where in an action brought by a wife, for a divorce, the husband is arrested under a commitment issued upon an order adjudging him guilty of a contempt, because of his failure to pay certain sums awarded to her for counsel fees and alimony, he is not entitled to the jail liberties upon giving the usual bond to the sheriff.

Appeal from an order made at Special Term adjudging Bernard Reilly, sheriff, guilty of contempt, and imposing a fine upon him therefor.

*A. R. Dyett* and *Vanderpoel, Green & Cumings*, for the sheriff, appellant. The order was simply one "for the payment of money," and the only process which the court had jurisdiction to issue for its enforcement was a commitment or precept under 2

Revised Statutes, 534, title 3, section 1, subdivision 3, and Code, section 14, subdivision 3; and the subsequent order, at least so far as it imposed a fine on Clark or otherwise exceeded the power which the court possessed under that subdivision, was without jurisdiction. Upon such a commitment the defendant, Edwin Clark, was entitled to the liberties of the jail. (*Van Wezel* v. *Van Wezel*, 3 Paige, 43; *People* v. *Bennett*, 4 id., 282; *Patrick* v. *Warner*, 4 id., 397; *People* v. *Spaulding*, 10 id., 287; *Ward* v. *Ward*, 6 Abb. [N. S.], 79; *Ford* v. *Ford*, 10 id., 74; *Matter of Watson* v. *Nelson*, 69 N. Y., 536; *Clark* v. *Binninger*, 75 id., 344, 350.)

*A. C. Thomas*, for the petitioner, respondent.

BRADY, J. :

This is an appeal by the sheriff from an order made at Special Term adjudging him guilty of contempt, and imposing a fine upon him.

A commitment was issued against Edwin Clark, in an action brought by his wife for a divorce on the ground of adultery, for his failure to pay $200 counsel fee and seventy dollars alimony.

The defendant was duly served with the papers of which the motion was predicated, but failed to appear, and the order was consequently granted by default. A motion was subsequently made to vacate the order thus granted, which, after a full hearing before Justice BARRETT, was denied.

The commitment under which he was arrested and confined was what was called a close commitment, founded upon his contempt in not paying the counsel fee and alimony to which reference has been made. The sheriff, giving a construction to the order, and substantially adjudicating upon its effect, admitted the defendant to the liberties of the jail.

The question presented upon this appeal is, therefore, whether he had any authority to allow that proceeding to be taken. This subject has recently been considered by Mr. Justice DANIELS, and disposed of by him in an elaborate opinion. The conclusions at which he has arrived are entirely satisfactory to us, and are adopted as a correct exposition of the law. (See *Allen* v. *Allen*, MSS. opinion, March, 1880.) The sheriff, as appears from

Justice DANIELS' decision, had no authority to admit Clark to the liberties of the jail, and, therefore, the order from which the appeal herein was taken was properly made, and it should be affirmed.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with ten dollars costs and disbursements.

The following is the opinion referred to :

DANIELS, J. :

The defendant has been committed to jail for his failure and refusal to pay money to enable the plaintiff, who is his wife, to prosecute this action against him for divorce, and for her support during its pendency ; and he has now applied for his discharge, by means of the writ of *habeas corpus*, from imprisonment under the commitment on giving the usual bond for the liberties of the jail. So far as the restraint imposed upon him is dependent on his refusal to pay the costs of the preliminary motion, it cannot be sustained ; for, as the law now stands, there can be no imprisonment for the failure or refusal to pay such motion costs (Code Civil Procedure, § 15). But the fact that he cannot be lawfully imprisoned for that cause will not entitle him to be discharged without payment of the residue of the amounts ordered to be paid, provided they constitute a legal and proper cause for his imprisonment. · (*The People ex rel. Woolf* v. *Jacobs*, 12 N. Y. [Sup. Ct.], 428.)

As to the costs of the proceedings to punish the defendant, and the failure to pay the amounts ordered to be paid for the temporary support of the wife, and the expenses of her action required to be defrayed, there is no provision exempting him from imprisonment, neither is there any which, in terms or by reasonable implication, entitles him to the jail liberties on giving the usual bond to the sheriff who has him in custody. In one respect the provision on this subject was necessarily changed to render it conformable to the abrogation of that previously existing, which allowed the benefit of the limits to persons arrested for the non-payment of interlocutory costs. Prior to that time a person arrested for failing to pay such costs was entitled to the liberties of the jail (3 R. S. [6th ed.], 719, § 61). But since the right to arrest for the non-payment of such costs has been taken away,

the provision declaring who may be entitled to the liberties of the jail has been correspondingly restricted. And that is now, in terms, limited to those who are in custody under orders of arrest, or by virtue of executions in civil actions, or in consequence of a surrender made by the party's bail (Code Civil Procedure, § 149). These are the only persons now declared to be entitled to the jail liberties, and each of the cases provided for is clearly distinguishable from that of a contempt for the non-payment of money, for which the defendant in this instance has been imprisoned.

In the *People* v. *Bennett* (4 Paige, 282) the party had simply failed to pay interlocutory costs, and for that he was entitled to the liberties of the jail under the plain language of the statute, as it was at that time in force; while in the present case he has been adjudged guilty of a contempt, because of his failure to pay the moneys held to be necessary for his wife's support during the pendency of the action, and to enable her to vindicate her rights by its prosecution. As to those sums and the costs of the proceedings following his refusal to pay, the authority of the statute has been quite clearly expressed. For, after the amounts ordered to be paid have been demanded personally of the party, and that fact, together with his refusal to pay, have been shown by affidavit, then it has been declared that the court may issue a precept to commit the person so disobeying its order to prison, until the sum with the costs of the proceeding shall have been paid. (3 R. S. [6th ed.], 839, § 4.) This is plain language, incapable of being misunderstood, which seems to fully justify so much of the order and commitment, under which the defendant is now restrained, as provided for his close confinement until he shall pay such costs and these two sums of money. The precept authorized is to be for the confinement of the delinquent in prison, which would not be executed by allowing him to go at large over the entire county under a bond binding him not to transcend such limits. If the precept could be executed in that manner its efficiency would be practically destroyed, and the summary remedy so clearly provided would be deprived of all the coercive power intended by the statute.

In *Ford* v. *Ford* (41 How., 169; 10 Abb. [N. S.], 74) this subject was carefully examined and the same conclusion was adopted;

and *Leslie* v. *Leslie* (6 Abb. [N. S.], 193) considered entirely different subjects. And in the case of *People* v. *Cowles* (4 Keyes, 46), six of the eight judges of the Court of Appeals were of the same opinion (Id. 58), and that ought to be considered controlling upon this court. It is needless, however, to examine authorities when the statute has been enacted in language so plain. It requires that the party disobeying the order shall be committed to prison, and when restrained for that cause no provision has been made entitling him to the liberties of the jail. The application for his discharge must accordingly be denied, with costs.